IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR MICHAEL PIECHOCKI, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-22-2887 |
| MARIE-ROSE ALAM, | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION

Petitioner Victor Michael Piechocki, currently confined at Spring Grove Hospital Center, filed the above-captioned Petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). Mr. Piechocki challenges the revocation of his conditional release from commitment after a finding of guilty but not criminally responsible, as well as his continued commitment to the Maryland Department of Health. (ECF No. 1 at 2). Although Mr. Piechocki filed his Petition pursuant to 28 U.S.C. § 2241, the Petition should have been filed pursuant to 28 U.S.C. § 2254, because he is "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).[1] The court will construe the Petition as such.

---

[1] The Supreme Court has noted that "[i]ncarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the "in custody" requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (citing *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988); *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986)). In addition, courts have regularly construed challenges to commitment following a finding of not guilty by reason of insanity, or other similar finding, under § 2254. *See, e.g.*, *Winkler v. Helsel*, Civil Action No. PWG-15-889, 2017 WL 5197131, *2 (D.Md. Nov. 8, 2017); *Wilson v. Missouri*, 2022 WL 2124800, *1 (E.D.Mo. May 31, 2022); *Hosay v. Land*, 2020 WL 6139947 (E.D.Va. Oct. 19, 2020); *McKinney v. Kilgore*, 2005 WL 1684021 (W.D.Va. July 18, 2005).

In response to the Petition, Respondent filed a Motion to Dismiss[2] asserting that the Petition raises claims that have not been exhausted and that there remains an available state remedy for Mr. Piechocki to litigate those claims. (ECF Nos. 5; 5-1 at 13). Mr. Piechocki responded, and Respondent replied. (ECF Nos. 7; 8; 9). Having reviewed the papers, and finding no hearing necessary,Local Rule 105.6, the court DISMISSES the Petition without prejudice for failure to exhaust state remedies.

I.  **Standard of Review**

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b)-(c); *see also, Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."). Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Appellate Court (formerly Court of Special Appeals) and the Maryland Supreme Court (formerly Court of Appeals).[3] *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be

---

[2] Because Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts permits only the filing of an Answer, the Motion to Dismiss shall be construed as an Answer.

[3] At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of both courts. The name change took effect on December 14, 2022.

afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F.Supp. 479, 481 (D.Md. 1982) (failure to seek leave to appeal denial of post conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is

3

actually innocent.[4] *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

## II. Procedural History

### A. Criminal Charges and Commitments

In 2002, in the Circuit Court for Baltimore County, Mr. Piechocki was found guilty but not criminally responsible of first-degree assault and committed to the Maryland Department of Health ("MDH"). (ECF No. 1-2 at 2). In 2006, the court ordered his conditional release, which was revoked in 2008. (ECF No. 1-2 at 2) Mr. Piechocki was granted conditional release again in 2013. (ECF No. 1-2 at 2).

Mr. Piechocki was indicted on assault charges on March 12, 2018, and held in the Baltimore County Detention Center pending trial. (ECF No. 1-2 at 10-12). On March 16, 2018, the State's Attorney for Baltimore County filed a petition for revocation of Mr. Piechocki's conditional release in the 2002 case, alleging that he had violated conditions of his release and is

---

[4] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

no longer eligible for conditional release.  (ECF No. 1-2 at 14).  A hospital warrant was issued on March 15, 2018.  (ECF No. 1-2 at 17).

The Circuit Court found Mr. Piechocki not competent to stand trial for the 2018 assault charges and committed him to MDH for treatment on February 27, 2019.  (ECF No. 1-2 at 21).  He was transferred to Clifton T. Perkins Hospital Center ("Perkins") on March 7, 2019.  (ECF No. 1-2 at 21).

The hospital warrant for the petition to revoke Mr. Piechocki's conditional release in the 2002 case was executed on March 26, 2019.  (ECF No. 1-2 at 23).  A hearing was held on April 4, 2019, after which an Administrative Law Judge ("ALJ") recommended that Mr. Piechocki remain committed to MDH for care and treatment.  (ECF No. 1-2 at 26-37, 40-50).  Mr. Piechocki filed exceptions to the ALJ's report, but the Circuit Court denied the exceptions and adopted the ALJ's report.  (ECF No. 1-2 at 52-56, 58).

The court found Mr. Piechocki competent to stand trial in the 2018 assault case on March 13, 2020, and remanded him to Perkins to maintain competency.  (ECF No. 5-3).  The assault charges against Mr. Piechocki were nolle prossed on November 11, 2020, and he was ordered released from the commitment in the criminal case.  (ECF Nos. 5-2 at 17; 1-2 at 66).

Mr. Piechocki remains in custody of the Maryland Department of Health at the Spring Grove Hospital Center pursuant to the order revoking his conditional release in the 2002 case.  (ECF No. 1).

    **B.**    **Challenges to Commitment**

After the Circuit Court accepted the findings of the ALJ and revoked Mr. Piechocki's conditional release on his 2002 case, he filed an application for leave to appeal that order in the Appellate Court of Maryland.  (ECF No. 5-4).  Mr. Piechocki argued that 1) the order was deficient

because it improperly placed the burden on petitioner to show that he is not a danger to himself or others; 2) the ALJ did not consider the jurisdictional issues raised by petitioner, including that the hospital warrant was served over one year after its issuance; and 3) the ALJ's application of the requirement that Petitioner notify his monitory upon arrest was unconstitutional.  (ECF No. 5-4 at 4-5).  Mr. Piechocki's application for leave to appeal was denied as untimely, and there is no evidence that he filed any further appeals.  (ECF No. 5-5).

In addition, Mr. Piechocki filed two writs of habeas corpus in the Circuit Court for Baltimore County.  (ECF No. 1-2 at 68, 126).  On December 16, 2020, Mr. Piechocki filed a petition for writ of habeas corpus in which he claimed that because the 2018 criminal charges had been dismissed against him, there is no legal authority to continue to hold him in custody.  (ECF No. 1-2 at 68-69).  Mr. Piechocki filed a supplement to that petition on June 9, 2021, additionally claiming that he cannot be held on the 2002 commitment because the five-year period of conditional release expired before the hearing and the order revoking his conditional release took place.  (ECF No. 1-2 at 73-74).  The petition was denied on June 9, 2021.  (ECF No. 1-2 at 113).  Mr. Piechocki did not further pursue this petition.

Mr. Piechocki filed a second petition for writ of habeas corpus in the Circuit Court for Baltimore County on March 11, 2022.  (ECF No. 1-2 at 126).  In this petition, Mr. Piechocki made numerous claims including:  he was not competent at the hearing to revoke his conditional release and that the hearing should not have proceeded until he was competent, (ECF No. 1-2 at 131-132); he suffered undue prejudice as a result of the delay in executing the hospital warrant, (ECF No. 1-2 at 132); the court did not have jurisdiction to revoke his conditional release because the term of conditional release expired prior to the execution of the hospital warrant, (ECF No. 1-2 at 132-133); there was no basis for his continued commitment after the 2018 criminal charges were

dismissed as he had been found to be competent and not dangerous; (ECF No. 1-2 at 133-134); and he was denied treatment and hearings while held at Baltimore County Detention Center, (ECF No. 1-2 at 134-36). The petition was denied on April 1, 2022, and Mr. Piechocki did not file anything further in that case. (ECF No. 1-2 at 149).

In the instant Petition for Writ of Habeas Corpus, Mr. Piechocki raises the following claims: 1) the court lacked jurisdiction and violated Mr. Piechocki's due process rights because there had been no finding of competency or adjudication of the criminal charges at the time of the hearing to revoke the conditional release; 2) the court lacked jurisdiction and violated Mr. Piechocki's due process rights because the hospital warrant was not executed until after the term of conditional release expired; 3) the court misapplied the law when it did not find that the violation of conditional release was a result of a mental illness or mental defect; and 4) he is being unlawfully held because the criminal charges against him have been dismissed and he was not found to be dangerous due to a mental disorder at the time of the hearing. (ECF No. 1 at 6-7).

**III.    Discussion**

Respondent asserts that all four of Mr. Piechocki's claims remain unexhausted because he did not file an application for release; he did not appeal the denial of his application for leave to appeal the circuit court's revocation of his conditional release to the Maryland Supreme Court; and he did not appeal the denial of his two petitions for writs of habeas corpus. (ECF No. 5-1 at 13-14). Mr. Piechocki does not challenge the facts of the procedural history, but he does contest the legal principles. For the first, third, and fourth claims, he asserts that he did present them to the Circuit Court and did not have the right to appeal further. (ECF No. 7, at 9). He also asserts that he need not apply for release because he is no longer a "committed person." (ECF No. 7 at 12).

In his application for leave to appeal the order revoking his conditional release, Mr. Piechocki raised the claim that the court lacked jurisdiction due to the stale hospital warrant and expired term of conditional release. (ECF No. 5-4). The then-named Court of Special Appeals denied the application as untimely. (ECF No. 5-5). There is no evidence that Mr. Piechocki presented this claim to the Maryland Supreme Court. Because Mr. Piechocki seeks relief from an order revoking his conditional release from commitment, he was permitted to apply to the Maryland Supreme Court for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202 (listing types of cases for which a writ of certiorari is not available following denial of an application for leave to appeal); *see also Merchant v. State*, 448 Md. 75 (2016) (considering petition for writ of certiorari following the circuit court's revocation of conditional release). Therefore, this claim is procedurally defaulted as he no longer has an available remedy for relief from the Circuit Court's decision accepting the ALJ's recommendation to revoke his conditional release.

It appears from the record that Mr. Piechocki's application for leave to appeal filed with the Appellate Court of Maryland was denied because it was untimely. (ECF No. 5-5). Mr. Piechocki attempted to explain the failure to file the application in a timely manner when he told the court that neither he nor his attorney had received a copy of the circuit court's decision when it was issued. (ECF No. 5-5). The Appellate Court observed that under Maryland law, the time for filing an application for leave to appeal cannot be extended. (ECF No. 5-5) (citing Md. Rule 1-204(a)). Dismissal of the application as untimely represents an "adequate and independent state procedural rule" and insulates the issue raised from federal habeas review. *Yeats v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). "[A] federal habeas court may not review constitutional claims

8

when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000).

Mr. Piechocki's remaining claims were raised in his two state petitions for habeas corpus. (ECF No. 1-2 at 68-70, 126-48). Both petitions were denied, and there is no evidence that Mr. Piechocki appealed them. Because the petitions do not challenge a sentence or conviction and the Uniform Postconviction Procedure Act ("UPPA") does not apply, Mr. Piechocki was permitted to appeal the denial of those petitions. *Simms v. Maryland Department of Health*, 240 Md. App. 294, 314 (2019) (finding that an appeal of the denial of a habeas corpus petition challenging the issuance of a hospital warrant is permitted, because it is a collateral challenge to the criminal conviction which cannot be brought in a postconviction proceeding), *aff'd*, 467 Md. 238 (2020) (granting certiorari to review Court of Special Appeals' denial of writ of habeas corpus regarding a recommitment pursuant to a hospital warrant); *see also Peterson v. State*, 467 Md. 713, 729 (2020) (finding that "[u]nder the plain language of the UPPA, the General Assembly excluded conditional release from its application"). As Mr. Piechocki was free to appeal the denials of his petitions for writs of habeas corpus and did not do so, the claims raised therein are also procedurally defaulted.

To the extent that Mr. Piechocki challenges his continued detention, he still has available State remedies. A detainee seeking to challenge detention following a finding of Not Criminally Responsible may request a release hearing through the procedures found in Md. Code Ann. Crim. Proc. § 3-115 (West 2020) and may also file a habeas corpus petition in state court pursuant to Md. Code Ann., Cts. & Jud. Proc., § 3-702(a) (West 2020). As Respondent has asserted that Mr. Piechocki had not instituted either state proceeding, and Mr. Piechocki has not disputed this contention, the claim is unexhausted and will be dismissed without prejudice. *See Timms v. Johns*, 627 F.3d 525, 533 (4th Cir. 2010).

### IV.  Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Mr. Piechocki has not demonstrated that a certificate of appealability is warranted and, as such, the court declines to issue the certificate.  He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### V.  Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be granted for failure to exhaust state remedies.  A separate order dismissing the petition without prejudice and declining to issue a certificate of appealability follows.

September 18, 2023                                    /s/
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge